## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

**WALTER HENRY HARRISON, III,**

      **Petitioner,**

**v.**                          **Case No. 25-CV-018-RAW-DES**

**STATE OF OKLAHOMA,**

      **Respondent.**

## OPINION AND ORDER

Petitioner Walter Henry Harrison, III, a state prisoner appearing *pro se*, brought this action pursuant to 28 U.S.C. § 2254 on January 16, 2025, challenging the revocation of his suspended sentences. Dkt. No. 1.  On preliminary review, the Court determined that the petition should be construed as one seeking relief under 28 U.S.C § 2241 and that it was clear from the face of the Petition that Petitioner had failed to exhaust state court remedies prior to seeking federal habeas relief.  Dkt. No. 4; *see* Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts*.  Accordingly, the Court directed Petitioner to show cause on or before May 19, 2025, why the Petition should not be dismissed without prejudice for failure to exhaust state court remedies. *Id.* at 1-3.  Petitioner submitted two responses, both beyond the deadline prescribed in the Court's order.  Dkt. Nos. 5, 7.  Having considered the responses, the Court determines Petitioner has failed to show good cause why this matter should not be dismissed.

    *I.*    *Discussion*

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a state prisoner must exhaust state remedies before seeking a federal writ of habeas corpus, unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  "To exhaust a claim, a

state prisoner must pursue it through 'one complete round of the State's established appellate review process,' giving the state courts a 'full and fair opportunity' to correct alleged constitutional errors." *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (quoting *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999)).  The exhaustion requirement is not satisfied if "state proceedings remain pending at the time the petition is filed." *Sims v. Snedeker*, 167 F. App'x 47, 48 (10th Cir. 2006).

Oklahoma provides a procedure for appealing the revocation of a suspended sentence.  *See* Okla. Stat. tit. 22, § 991b(F) ("Any order of the court revoking the suspended sentence, in whole or in part, shall be subject to review on appeal, as in other appeals of criminal cases.").  Petitioner acknowledges in his Petition both that he failed to raise his federal habeas claims in his state appeal of the revocation of his suspended sentences and that the state appeal was pending at the time Petitioner initiated his federal habeas action.  Dkt. No. 4, at 2; Dkt. No. 1, at 2, 6-7.  Accordingly, it is clear from the face of the Petition that Petitioner did not exhaust his claims.  Further, in his responses to the Court's show-cause order, Petitioner provides material purportedly relevant to the merits of his habeas claims, but he fails to provide any argument pertinent to his failure to exhaust those claims in state court.  Petitioner does not contest the Court's findings, nor does he argue that an exception to the exhaustion requirement is applicable to his claims.  Thus, Petitioner has not shown an absence of available state remedial process or circumstances rendering such process ineffective.  28 U.S.C. § 2254(b)(1)(B)(i)-(ii).  The Court therefore determines Petitioner has failed to show good cause why this action should not be dismissed.

II.    *Conclusion*

For these reasons, the Court finds the Petition must be dismissed without prejudice for failure to exhaust available state remedies.  *See* Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts.*  Further, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the procedural dismissal of the Petition.  28 U.S.C. § 2253(c); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Woods v. Arellano*, 381 F. App'x 873, 875 (10th Cir. 2010) (concluding "reasonable jurists could not debate the propriety of the district court's procedural ruling" dismissing due process challenge to probation revocation in state court for failure to exhaust state court remedies).

IT IS THEREFORE ORDERED that:

(1) for the reasons discussed herein and in the Court's Order of May 5, 2025 [Dkt. No. 4], the Petition for Writ of Habeas Corpus [Dkt. No. 1] is **dismissed without prejudice** for failure to exhaust state court remedies;

(2) a certificate of appealability is **denied**; and

(3) a separate judgment of dismissal shall be entered in this matter.

DATED this 8th day of August, 2025.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE